UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOCELYN DIAZ,                                              :
                                                           :
                                Petitioner,                :
                                                           :    11 CV 2248 (HB)
            - against -                                    :    03 CR 187 (HB)
                                                           :
UNITED STATES OF AMERICA,                                  :    OPINION & ORDER
                                                           :
                                Respondent.                :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge[1]:**

      Jocelyn Diaz ("Petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.[2] Petitioner raises four claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) her guilty plea was not knowing and voluntary; and (4) actual innocence. For the following reasons, this petition is denied.

### I. BACKGROUND

      Upon the death of her husband in 2002, Petitioner took control of her husband's drug business. Petitioner received quantities of cocaine from her late husband's supplier and applied the profits from drug sales against the debt her late husband left behind. On January 24, 2003, Federal Bureau of Investigation ("FBI") agents arrested her at her home. Petitioner waived her Miranda rights and directed the agents to the bedroom where they found, among other things, cocaine and an unloaded handgun in the nightstand. Subsequent admissions provided by Petitioner acknowledged that she sold approximately fifty kilograms of cocaine since 2002 and that she knew of the handgun, though it originally belonged to her husband. On January 28, 2003, Petitioner appeared before United States Magistrate Judge Frank Maas facing charges of distributing cocaine and possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Petitioner was released upon signing, with a cosignatory, a $250,000

---

[1] Hanna Morrill, a third-year student at Brooklyn Law School and a Fall 2011 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

[2] Petitioner proceeded pro se until the Court granted Petitioner's application for pro bono counsel. Counsel for Petitioner filed a memorandum in support on September 30, 2011.

1

recognizance bond. Within days of this appearance Petitioner fled to the Dominican Republic. A bench warrant for her arrest was issued on February 3, 2003.

Prior to Petitioner's return some four months later, a grand jury indicted Petitioner on February 13, 2003, charging her with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) ("Count 1") and knowing possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count 2"). After she returned and surrendered, Petitioner pleaded guilty to both counts on October 2, 2004. Thereafter, Petitioner retained new counsel and sought to withdraw her guilty plea as to Count 2, contending that the facts offered during the plea allocution were insufficient to establish the elements charged in Count 2 (that the possession of the gun was in relation to the facilitation of the drug crime). The Court denied Petitioner's motion and sentenced her to 135 months on Count 1 and the requisite 60 months for Count 2, to run consecutively as mandated by § 924(c). The Second Circuit upheld the Court's acceptance of the guilty plea but remanded the case for resentencing on grounds other than those contended for by Petitioner here. *United States v. Diaz*, 148 F. App'x 9 (2d Cir. 2005). On remand, the Court reduced the sentence to a lower term of 120 months for Count 1 but did not alter the statutorily mandated 60-month sentence for Count 2. This revised sentence was upheld on appeal, *United States v. Diaz*, 254 F. App'x 13 (2d Cir. 2007), and the Supreme Court denied certiorari on March 17, 2008, *Diaz v. United States*, 552 U.S. 1272 (2008). Post-appeal, Petitioner requested by letter to reopen her case, and the Court denied the request by endorsement on September 3, 2008. On March 26, 2010, Petitioner filed for a sentence reduction pursuant to 18 U.S.C. § 3582, which the Court denied on May 4, 2010. Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 on March 28, 2011, wherein she seeks relief pertaining to Count 2.

## II. DISCUSSION

To be granted relief, Petitioner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

**A.   Petitioner's Claims are Barred by the Statute of Limitations**

Pursuant to 28 U.S.C. § 2255(f), a petition under § 2255 must be brought within one year after a judgment becomes final. In addition to having to meet one of the four requirements stated

above, and as established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), a § 2255 motion filed outside of the one-year time period is barred. In the instant case, Petitioner appealed her resentencing of February 17, 2006, which was affirmed by the Second Circuit on November 13, 2007. Certiorari was denied by the Supreme Court on March 17, 2008, at which point the judgment became final. Petitioner filed the present petition on March 28, 2011, well outside the statutorily imposed one-year time frame.

**B.     Equitable Tolling**

To avoid dismissal of her untimely filing, Petitioner claims that the limitations period should be equitably tolled. Though courts have found that a § 2255 petition can be tolled subject to an equitable showing, a petitioner seeking such a measure must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The instances where courts have granted equitable are few and far between. *See, e.g.*, *Harper v. Ercole*, 648 F.3d 132, 142 (2d Cir. 2011) (petitioner's hospitalization caused him to miss the deadline); *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (prisoner directed attorney to file a petition and attorney failed to do so); *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008) (state appellate court failed to inform a prisoner that his leave to appeal was denied); *Valvedere v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (corrections officer intentionally confiscated a prisoner's petition shortly before the deadline). Petitioner claims that she diligently pursued her rights and that, despite her not satisfying the "extraordinary circumstances" requirement, the statute of limitations should nevertheless be tolled due to equitable principles.[3] But the standard that Petitioner asks the Court to depart from is itself an equitable principle; and one that she fails to meet.

To satisfy the first prong of equitable tolling, a petitioner must demonstrate that "he acted with reasonable diligence throughout the period he seeks to toll[.]" *Harper*, 648 F.3d at 138 (internal quotation marks omitted). This standard calls for "reasonable diligence, not maximum, feasible diligence[.]" *Id.* at 138 (internal quotation marks omitted). Additionally, "'a garden variety claim of excusable neglect' . . . does not warrant equitable tolling." *Holland*, 130 S. Ct. at

---

[3] "[W]e implore the Court to consider the combination of Ms. Diaz' extraordinary efforts at rehabilitation coupled with the existence of a meritorious claim . . . as basis for reviewing the merits of the Petition notwithstanding its untimeliness." Pet'r's Br. 16.

2564 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "Courts generally have found that periods of delay lasting for more than a year do not exhibit due diligence." *Morton v. Ercole*, No. 08 Civ. 0252(RJS)(FM), 2010 WL 890036, at *2 (S.D.N.Y. Mar. 10, 2010) (citing *Tineo v. United States*, No. 01 Civ. 4511, 2002 WL 1997901, at *2 (S.D.N.Y. Aug. 29, 2002); *Zapata v. United States*, Nos. 90 CR. 943(AGS), 99 Civ. 00085(AGS), 2000 WL 1610801, at *2 (S.D.N.Y. Oct. 27, 2000)). To show diligence, Petitioner maintains that, despite her guilty plea, she has contested the gun count throughout the entire process. Petitioner did attempt to revisit her plea in Count 2 by her appeal of her conviction and her motions to withdraw her guilty plea, reopen her case, and reduce her sentence.

  Regardless of whether or not these steps constitute reasonable diligence, Petitioner has not shown that some extraordinary circumstance stood in her way and prevented timely filing. There is a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon*, 642 F.3d at 363. As Petitioner acknowledges, "extraordinary" is not a reference to the "uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper*, 648 F.3d at 137 (citing *Bolarinwa v. Williams*, 593 F.3d 226, 231–32 (2d Cir. 2010)); *see also Diaz*, 515 F.3d at 154. Petitioner cites no such severe obstacle that hindered her ability to file a habeas petition. Though Petitioner references her lack of knowledge of the legal system, ignorance of the law is insufficient for consideration under the "extraordinary circumstance" prong. *See Giles v. Smith*, No. 10 Civ. 5322(PKC), 2010 WL 4159468, at *3 (S.D.N.Y. Oct. 8, 2010) ("[T]he fact that Petitioner did not determine that he had a legal claim earlier, perhaps because he is proceeding pro se or is not familiar with legal research, is not generally considered an extraordinary circumstance meriting tolling."); *Ruiz v. Poole*, 566 F. Supp. 2d 336, 341 (S.D.N.Y. 2008) ("[I]gnorance of law does not constitute a rare and extraordinary circumstance that would merit equitable tolling.").

  Despite providing no evidence of exceptional circumstances per se, Petitioner argues that the principle of equitable tolling is not to be rigidly applied and that courts should exercise their powers of equity on a "case-by-case" basis, mindful of circumstances that "could warrant special treatment in an appropriate case." *Holland*, 130 S. Ct. at 2563. Petitioner points to extensive evidence of her rehabilitation and participation in programs during her incarceration. Pet'r's Br. 16–18. However, the potential existence of a meritorious claim and her extraordinary efforts at rehabilitation are not grounds for disregarding the requisite standard of "extraordinary

circumstances." Petitioner herself may be extraordinary, but the Court's equitable power at this moment must focus on the reasons for her delay, not her person or her claim. While Petitioner's exemplary attitude and dedication to self improvement are certainly commendable, they are not a consideration for equitable tolling under the guise of equity generally.

Additionally, the level of reasonable diligence required is itself informed by the nature of the obstacle that stood in Petitioner's path. *See Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) ("A petitioner seeking equitable tolling must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." (internal quotation marks omitted)), *cert. denied*, 132 S. Ct. 190 (2011). Without a cognizable extraordinary circumstance and given the significant delay until the actual filing of the habeas petition, I cannot set the bar of the statute of limitations aside.

**C.      Relation Back**

I have considered whether the untimely habeas petition could relate back to Petitioner's earlier filings and therefore be considered by the Court. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005). By reference to Rule 15 of the Federal Rules of Civil Procedure, *see id.*, an untimely amendment to a habeas petition "relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Petitioner wrote the Court on August 5, 2008, indicating her personal progress and imploring the Court to reopen her case. I responded by endorsement and denied her request. *See* Endorsed Letter, ECF No. 43. I am unaware of any additional correspondence with the Court that could reasonably relate to her petition before the statute of limitations barred her petition on March 17, 2009. It is not sufficient that her August 2008 letter shared a basis in "same trial, conviction, or sentenc[ing]" as her petition. *Mayle*, 545 U.S. at 662. Rather, the letter and the later petition must share a "common core of operative facts uniting the original and newly asserted claims." *Id.* at 659 (internal quotation marks omitted). Unfortunately, Petitioner's letter details only her path towards self-actualization and does not provide any facts common to the claims in her petition, namely, that she did not knowingly plead guilty to possession of the gun in furtherance of drug trafficking.

**D.     Actual Innocence**

Finally, I have considered whether Petitioner can make use of the actual innocence "gateway" through the AEDPA statute of limitations that was recently recognized by the Second Circuit in *Rivas v. Fischer*, No. 10-1300, 2012 WL 2686117 (2d Cir. July 9, 2012). For the Court to consider the underlying grounds for relief, the petitioner must advance "a credible and compelling claim of actual innocence." *Id*. at *22 (citing *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). For the claim to be "credible," the petitioner must produce "'new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* at *23 (quoting *Schlup*, 513 U.S. at 324). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324. To be "compelling," "the petitioner must demonstrate that 'more likely than not, in light of new evidence, no reasonable juror would find [petitioner] guilty beyond a reasonable doubt . . . .'" *Rivas*, 2012 WL 2686117, at *23 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)); *see also Schlup*, 513 U.S. at 327.

Here, Petitioner fails to set forth a claim of actual innocence that is either compelling or credible. Petitioner argues that she is "[n]ot [g]uilty of [p]ossession of a [f]irearm" and that she "was never heard" on this point. Pet. 9. Petitioner admits that she was aware of the gun, but she argues that it belonged to her husband and that she did not know how to use it. *Id.* While this may be an entirely legitimate defense to bring before a jury, I cannot find that no reasonable juror would have found her guilty beyond a reasonable doubt: The gun was found in the same compartment as the drugs. *See United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001) ("[T]he requirement in § 924(c)(1) that the gun be possessed in furtherance of a drug crime may be satisfied by a showing of some nexus between the firearm and the drug selling operation."); *see also United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005) (gun stored within feet of the drugs and within reach); *Finley*, 245 F.3d at 202–03 (unloaded shotgun stored under pile of clothes in the room from which drugs were sold). Furthermore, Petitioner has not pointed to any new evidence, and her arguments are substantially the same as statements she made at the time of her guilty plea, *see* Plea 16–17, and in her motion to withdraw her plea. *See Diaz*, 148 F. App'x at 10–11 (affirming acceptance of the guilty plea to Count 2); *see also Jones v. Smith*, No. 09 Civ. 8437, 2011 WL 2693536, at *4–*5 (S.D.N.Y. June 30, 2011) (requiring credible new evidence in order for a petitioner to overcome a prior guilty plea); *Martinez v. United States*, No.

08 Civ. 0172(HB), 2008 WL 3361372, at *2 (S.D.N.Y. Aug. 11, 2008) (dismissing claim of petitioner who pleaded guilty and who "provide[d] no new evidence that would point to his innocence").

### III. CONCLUSION

For the foregoing reasons, Petitioner's claims are time-barred, and her petition is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). As the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is instructed to close the motion.

**SO ORDERED.**

Date: 7/12/12
New York, New York

HAROLD BAER, JR.
United States District Judge